**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICOLE OZELEK<br>2304 Brownsville Road, TRLR L18<br>Langhorne, PA 19053       : <br> : <br> : <br> : <br>Plaintiff,      : <br>v.      : <br> : <br>ERIK SOIFERMAN, *individually*    : <br>401 Horsham Road      : <br>Horsham, PA 19044      : <br>  and      : <br>LIBERTY UCC MANAGEMENT LLC, : <br>d/b/a LIBERTY URGENT CARE    : <br>401 Horsham Road      : <br>Horsham, PA 19044      : <br> : <br>Defendants.     : <br> : | CIVIL ACTION<br><br>No. _____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1. This action has been initiated by Nicole Ozelek (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and applicable state law(s). Plaintiff asserts herein that she was not paid overtime compensation in accordance with applicable state and federal laws. As a direct consequence of Defendants' (unlawful) actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over

Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3.    This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. PARTIES

5.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.    Plaintiff is an adult individual, with an address as set forth in the caption.

7.    Liberty UCC Management LLC, d/b/a Liberty Urgent Care ("Defendant Liberty LLC" where referred to individually) is a domestic (Pennsylvania) entity established in 2016. This entity operates multiple locations doing business as Liberty Urgent Care (providing medical services to the public).

8.    Erik Soiferman ("Defendant Soiferman") where referred to individually is the highest-level executive and manager of Defendant Liberty LLC, and he owns the enterprise as well. Defendant Soiferman and Defendant Liberty LLC are hereinafter collectively referred to as "Defendants."

9.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.  **FACTUAL BACKGROUND**

10.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.    Plaintiff was hired by Defendants in or about mid-August of 2023; and in total, Plaintiff was employed by Defendants for approximately 2.5 years (until voluntarily separating in mid-February of 2025).

12.    Plaintiff was employed by Defendants as a Nurse Practitioner, often referred to as a CRNP.

13.    Defendants used to own and operate three (3) locations doing business publicly as "Liberty Urgent Care." However, Defendants closed one (1) location and have continued to operate two (2) locations (through the present).

14.    Defendants' current locations are at: (1) 401 Horsham Road, 1st Floor, Horsham, PA 19044; and (2) 500 Forty Foot Road, Hatfield, PA 19440.

15.    Defendants had employed Plaintiff at all three (3) locations prior to her voluntary separation; and until Plaintiff resigned, Plaintiff continued to work for Defendants at both of their remaining locations (as forementioned).

16.    At all times, Plaintiff was hired by, reporting to, and managed in every respect by Defendant Soiferman. Defendant Soiferman oversaw payroll, set rates, and managed every aspect of Plaintiff's compensation (as well as that of other employees). He also oversaw performance, duties, and any other matters pertaining to Plaintiff's job or role(s).

17.     Plaintiff was paid $75.00 per hour, and Plaintiff was not paid via salary. Plaintiff's compensation per pay period fluctuated because she was paid per hour and never in a salaried capacity during her tenure.

18.     Plaintiff often worked well in excess of 40-hour workweeks; and when doing so, Plaintiff was never paid during her tenure at a rate of time and one half (or proper overtime compensation). Instead, Plaintiff was paid what is commonly known as "straight time," the same hourly rate for every hour worked (even if for hours over 40 hours in a workweek).

19.     Plaintiff provides an example excerpt from her ADP earning statement for the pay period of 05/26/2024 – 06/08/2024 (a 2-week timeframe) with a "Pay Date" of 06/14/2024 below:

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 75.0000 | 106.10 | 7957.50 | 77515.50 |
| Personal | | | 0.00 | 825.00 |
| **Gross Pay** | | | **$7,957.50** | **$78,340.50** |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -739.27 | 6183.95 |
| Social Security | -493.36 | 4857.11 |
| Medicare | -115.39 | 1135.94 |
| Pennsylvania State Income | -244.30 | 2405.06 |
| Pennsylvania State UI | -5.57 | 54.84 |
| Horsham T Local Income | -131.30 | 1292.62 |
| Horsham Twp Local | -2.00 | 24.00 |
| **Net Pay** | **$6,226.31** | |

4

20.    As can be quickly surmised from the illustration above, Plaintiff worked 106.10 hours during the 2-week timeframe, and she was paid only straight time at a rate of $75.00 per hour regardless of having worked significant (and *over* 25 hours of) overtime.[1]

21.    All of Plaintiff's pay stubs and earning statements in her 2.5-year period of employment reflect the same as the illustration above, that she was never paid at an overtime rate and was only paid straight time for all hours.

22.    Plaintiff does not have access to weekly time records. But her best estimate (for purposes of general notice herein) is that she worked between 250 – 300 hours of uncompensated overtime (subject to her revising an exact sum of overtime hours after receipt of relevant documentation during this lawsuit).

23.    Plaintiff's overtime rate for overtime hours would have been $112.50 per overtime hour, but she was only paid $75.00 per hour for her overtime hours. Thus, she was never paid the additional $37.50 per hour of work for overtime hours (the additional half time). Plaintiff thus estimates she owed $9,375.00 - $11,250.00 in unpaid overtime compensation (depending upon finality of hours being calculated from documents within Defendants' current possession).

24.    Highly qualified medical professionals are often exempt from overtime, **if** they, for example, meet very stringent exemption requirements. Once such common exemption used by medical facilities is the "professional" exemption. *See* 29 C.F.R. § 541.300. However, like the professional exemption, any applicable overtime exemption has two (2) specific mandated

---

[1] Overtime is based *on a weekly work period*, not a bi-weekly work period. During discovery, it will be demonstrated that in some weeks Plaintiff may have worked over 40 hours (warranting overtime that was not paid), but she may have fallen under 80 hours in a 2-week pay period (which should not have legally negated the overtime in one (1) of the payroll weeks). In other payroll periods, Plaintiff's overtime hours in one week should not be reduced (and must be fully compensated) even if Plaintiff worked under 40 hours in the 2nd week of the pay period. Weekly time records will permit a definite count of actual overtime hours.

criteria: (1) <u>an employee be "compensated on a salary</u>;" and (2) the employee performs primary duties that are exempt in nature. (Emphasis added).

25.     An employee who is not paid via salary cannot be exempt from overtime under the FLSA (or state law), as a matter of law (as not meeting one of the elements of the exemption, which is fatal to the asserted exemption). This is well known nationally.[2]

26.     It is also well established within the medical field (nationally) that roles like physicians' assistants and nurse practitioners are entitled to overtime if an employer elects to pay them hourly, as opposed to paying them via salary.[3] Stated differently, Defendants have no good-faith, actual or feigned defense(s) to claims asserted herein. For any such role to be exempt from overtime, such medical professional must have been paid a set salary that does not vary from pay period to pay period.

---

[2]It is uniformly recognized throughout the United States that an hourly employee cannot qualify for an overtime exemption, including as a "professional employee." *See e.g. Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832 (6th Cir. 2002)(affirming summary judgment in favor of employee that professional exemption cannot apply to an hourly employee); *Gayle v. Harry's Nurses Registry, Inc*., 2012 U.S. Dist. LEXIS 28157 (E.D. N.Y. 2012)(granting judgment in favor of registered nurses who would otherwise meet the professional exemption based on duties but finding no exemption cannot apply because they were hourly employees); *Reyes v. Stone*, 2012 U.S. Dist. LEXIS 195627 (W.D. Tex. 2012)(granting judgment in favor of employee because, *inter alia*, a professional exemption cannot be used with an hourly employee under the FLSA); *Hicks v. Great Lakes Home Health Servs*., 2018 U.S. Dist. LEXIS 87187 (E.D. Mich. 2018)(granting judgment in favor of employee explaining that an FLSA exemption, such as the professional exemption, cannot apply to an "hourly" employee).

[3] *See e.g. Cuttic v. Crozer-Chester Med. Ctr*., 760 F. Supp. 2d 513, 519 (E.D. Pa. 2011)(granting summary judgment in favor of physician assistant explaining no overtime exemption applies if compensation is paid hourly); *Kimbrough v. Khan*, 2020 U.S. Dist. LEXIS 149502, at *16 (N.D. Tex. 2020)(granting summary to multiple nurse practitioners because, as a result of them being paid hourly, they cannot be exempt from overtime under the FLSA); *Hager v. Claiborne Cty. Med. Ctr*., 2016 U.S. Dist. LEXIS 5419, at *6 (S.D. Miss. 2016)(explaining unless a nurse practitioner is paid via salary, there is no applicable exemption under the FLSA including as the professional exemption); *Belt v. Emcare Inc.*, 351 F. Supp. 2d 625, 634 (E.D. Tex. 2005)(granting summary judgment in favor of physician's assistants and nurse practitioners explaining, if they are paid hourly, they cannot meet any overtime exemptions); Walsh v. All Temps. Midwest, 2021 U.S. Dist. LEXIS 177251, at *1 (D. Minn. 2021)(holding defendant in civil contempt after finding violations for non-payment of overtime to hourly-paid nurse practitioners).

27.    Plaintiff is also – from her perspective – *automatically* entitled to double damages, referred to as liquidated damages.[4] This is viewed by all applicable case law as a form of compensation for the inability to use the overtime pay, as opposed to a penalty.

28.    Lastly, Plaintiff shall receive mandatory legal fees for pursuing this lawsuit (in addition to costs and other available damages). *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).[5]

29.    Plaintiff thus seeks an award of no less than $20,000.00 (conservatively) in unpaid overtime compensation (and liquidated damages), plus costs and attorney's fees for Defendants' violations of state and federal overtime laws.

30.    Defendant Soiferman provided *false* information to Plaintiff early in Plaintiff's tenure, also acknowledging he controlled overtime decisions. On February 22, 2024, Plaintiff had emailed Defendant Soiferman at 9:01 AM expressing concerns she was only being paid "straight time." Later in the same day, Defendant Soiferman responded: "Healthcare providers

---

[4] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases; *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[5] Both the PMWA and FLSA permit a 3-year lookback. Since the same legal standard for determining overtime violations exists both as to the FLSA and PMWA, Plaintiff only references the FLSA within the factual section.

are not eligible for overtime pay because we are considered professionals and are exempt." He then failed to pay her properly for years thereafter.

31.     Defendant Soiferman is sued individually in this lawsuit as to his own personal assets, as he is directly liable for: (a) lying to Plaintiff about her overtime entitlements; (b) violating state and federal laws repeatedly; and (c) failing to pay Plaintiff overtime compensation for nearly 2.5 years.[6]

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime)**
**- Against Both Defendants -**

32.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.     Plaintiff was not properly paid for all owed overtime as outlined in this lawsuit.

34.     Such actions as aforesaid constitute indefensible violations of the Fair Labor Standards Act ("FLSA").

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**
**- Against Both Defendants -**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute indefensible violations of the Pennsylvania Minimum Wage Act ("PMWA").

---

[6] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers and corporate officers exercising control over wages or adverse actions under the FLSA are appropriate individual defendants under the FLSA and may be individually liable for such violations).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, and other applicable compensation;

C.      Plaintiff is to receive a three-year look-back for damages, with liquidated damages awarded as permitted by applicable law(s);

D.      Plaintiff is to be accorded other equitable or legal relief as the Court deems just, proper, and appropriate (or as permitted by statute(s));

E.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F.      Plaintiff is permitted to have a trial by jury.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**


By:  _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com


Dated: April 9, 2026


9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Nicole Ozelek | : | CIVIL ACTION |
| v. | : | |
| Erik Soiferman, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| | | |
|---|---|---|
| 4/9/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Defendants place of business_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- X 9. Labor-Management Relations
- 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):*_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

OZELEK, NICOLE

**DEFENDANTS**

ERIK SOIFERMAN, ET AL.

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury – | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Pharmaceutical    Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   ☐ 368 Asbestos Personal ☐ 340 Marine    Injury Product ☐ 345 Marine Product    Liability | | ☐ 835 Patent – Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |    Liability   **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending    Product Liability | ☐ 720 Labor/Management | **SOCIAL SECURITY** |    Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   ☐ 380 Other Personal    Injury    Property Damage |    Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury –   ☐ 385 Property Damage    Medical Malpractice    Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate    Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/   ☐ 530 General    Accommodations | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities –   ☐ 535 Death Penalty    mployment   **Other:** | **IMMIGRATION** | |    Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities –   ☐ 540 Mandamus & Other    Other   ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education   ☐ 555 Prison Condition ☐ 560 Civil Detainee –    Conditions of    Confinement |    Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation – Transfer   ☐ 8 Multidistrict Litigation – Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE   4/9/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____